United States District Court
Southern District of Texas
**ENTERED**
November 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JOHN SCOTT GRIFFIN, § § | |
| Plaintiff § § | |
| v. § | CIVIL ACTION NO. G-15-186 |
| § § | |
| CAROLYN W. COLVIN, § COMMISSIONER OF THE § SOCIAL SECURITY ADMIN., § § | |
| Defendant. § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, are competing Motions for Summary Judgment filed by Plaintiff John Scott Griffin (Dkt. Nos. 9, 10) and Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration (Dkt. No. 11), to which Plaintiff filed a reply. (Dkt. No. 14). The Motions pertain to Griffin's appeal of the denial of his application for Social Security Benefits. Having considered the motions, the administrative record[1] and applicable law, the Court concludes, for the reasons discussed herein, that Griffin's Motion is **DENIED**, that the Commissioner's Motion is **GRANTED**, and that the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

On December 4, 2012, Plaintiff John Scott Griffin (Griffin) filed an application with the

---

[1] The administrative record was filed electronically. (Dkt. No. 7).

1

Social Security Administration (SSA), seeking disability insurance benefits (DIB). (Transcript (Tr.) 139, 231). In his application, Griffin alleged that his disability began on April 2, 2012, due to lumbar disc degeneration. (Tr. 139, 231). Griffin's application was denied initially and on reconsideration. (Tr. 139-148). He appealed the denial and requested a hearing before an Administrative Law Judge (ALJ) to review the decision.

On February 25, 2014, a hearing was held before ALJ Allen G. Erickson in Houston, Texas. (Tr. 72-130). During the hearing, the ALJ heard testimony from Griffin, who was represented by counsel, as well as from a vocational expert (VE). (Tr. 72). Thereafter, on June 27, 2014 the ALJ issued a decision in which he initially determined that Griffin met the insured status requirements of the Social Security Act through September 30, 2015, and that he had not engaged in substantial gainful activity since April 2, 2012, the alleged onset date. At Step 2 the ALJ found that Griffin had the following severe impairments: lumbar spine degenerative disc disease and degenerative joint disease. (Tr. 54). In addition, the ALJ found that Griffin had non-severe impairments of diabetes mellitus, hyperlipidemia, hydrocele, obesity, bronchitis, high blood pressure, right shoulder pain, and lumbar spine retrolithesis. (Tr. 55). At Step 3, the ALJ determined that Griffin did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. The ALJ then determined that Griffin had the residual functional capacity to perform light work, as defined in the regulations, and "limited to no more than occasional climbing of ladders, ropes, scaffolds, stairs, and ramps" and "only occasionally balance, stoop, kneel, crouch and crawl and have only occasional exposure to vibration." (Tr. 54-67). Finally, at Step 4, the ALJ determined that Griffin could perform his past relevant work as a maintenance supervisor (utilities) as it is actually performed and as it is

generally performed. (Tr. 67). Given his finding at Step 4, the ALJ concluded that Griffin was not disabled within the meaning of the SSA. (Tr. 49-71).

Griffin appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals, however, in a letter dated May 21, 2015, the Appeals Council notified Griffin that it declined to review the ALJ's determination (Tr. 1-7), which rendered the ALJ's opinion the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). On June 21, 2015, Griffin filed the instant action seeking judicial review of the Commissioner's denial of his claim for DIB benefits. (Dkt. No. 1).

## II. APPLICABLE LEGAL STANDARDS & BURDENS

### A. Judicial Review

Judicial review of administrative decisions by the Commissioner are limited.[2] A federal court reviews the Commissioner's denial of benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 472, 473 (5th Cir. 1999); *see also, Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995) (a court is tasked with "scrutiniz[ing] the record to determine whether it contains substantial evidence to support the Commissioner's decision"). Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more

---

[2] Title 42, Section 405(g) limits judicial review of the Commissioner's decision as follows: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings, and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" when not supported by substantial evidence.

than a scintilla and less than a preponderance." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). When reviewing an administrative decision, the court is not permitted to re-weigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Instead, conflicts in the evidence are for the Commissioner, not the court, to resolve. *Brown*, 192 F.3d at 496.

### B. Standards and Burdens

To be eligible for disability insurance benefits (DIB) the claimant must have a disability as defined in the Act. *See* 42 U.S.C. §§1382(a), 1382c(a)(3)(A)-(C);20 C.F.R. §1505. A well-established five-step sequential process is utilized by the Social Security Administration to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also, Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992); *see also Leggett*, 67 F.3d at 563 n.2; *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The claimant has the burden to prove disability under the first four steps. *See Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). If the claimant successfully carries this burden, the burden shifts to the Commissioner in step five to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001).

### III. DISCUSSION

The first three steps of the evaluation process are not relevant in this case; nor is the ALJ's

determination of Griffin's residual functional capacity. Instead, Griffin's challenge in this action is aimed only at the ALJ's Step 4 determination. (Dkt. Nos. 9, 10).

At Step 4, the ALJ considers whether the claimant is capable of performing his past relevant work. 20 C.F.R. §404.1520(f). When determining whether or not a claimant retains the residual functional capacity to perform his past relevant work, the ALJ can look to *either* (1) the job duties peculiar to an individual job as the claimant actually performs it, *or* (2) the functional demands and job duties of the occupation as generally required by employees throughout the national economy. 20 C.F.R. §404.1560(b)(2); *SSR* 82-61, 1982 WL 31387, at *1-2 (S.S.A. Nov. 30, 1981); *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The ALJ may consult with a VE to aid him in reaching this determination. *See* 20 C.F.R. §404.1560(b)(2); *see also*, *Leggett*, 67 F.3d at 565 (recognizing that an ALJ may utilize a vocational expert to determine the proper characterization of the claimant's past work as he "actually performed" it or whether he can perform the work as it is "generally performed" in the national economy). The ALJ in this case determined that Griffin could do his past relevant work "as actually performed' and as "generally performed." (Tr. 67). Since the ALJ determined that Griffin was capable of performing his past relevant work, he concluded that Griffin was not disabled. 20 C.F.R. §404.1520(f).

Griffin argues that the ALJ's Step 4 findings are insufficient as a matter of law to establish that he can perform his past relevant work "as actually performed."[3] (Dkt. No. 11 at 9-10). Although implicitly conceding that Griffin presents a cogent argument that the ALJ erred in

---

[3] Griffin explains that he "actually" performed his past relevant work in excess of 40 hours per week (*e.g.*, he worked 12 hours per day, 5 days a week), however, the ALJ's decision fails to indicate that he even considered this before concluding that Griffin could perform his past relevant work "as actually performed." (Tr. 67, 223-224).

finding that he could perform his past relevant work as it is "actually performed,"[4] the Commissioner, nevertheless, maintains that the ALJ's decision should be affirmed because he adhered to the correct legal standards and substantial evidence supports his finding that Griffin was not disabled because he could perform his past relevant work as it is "generally performed." (Dkt. No. 11). The Court must agree with the Commissioner.

A claimant's mere inability to perform certain "requirements of his past job does not mean that his is unable to perform 'past relevant work' as that phrase is used in the regulations; rather, the Commissioner may also consider the description of the claimant's past work as such work is generally performed in the national economy." *See Leggett*, 67 F.3d at 564. It is evident from the ALJ's decision that he did just that and substantial evidence supports his finding. In particular, the record reflects that the ALJ utilized a vocational expert (VE) to aid him in making his Step 4 determination.[5] The VE, after considering Griffin's written responses to the SSA Disability Report form (Tr. 223-233) along with his testimony at the hearing (Tr. 72-130), identified Griffin's past relevant work as a maintenance supervisor at a nuclear power plant. The VE explained that the position was a highly skilled one and that Griffin performed the work at a light exertional level. (Tr. 84-85). The VE testified that Griffin's past relevant work corresponded to only one position in the Dictionary of Occupational Titles (DOT) – that of a maintenance supervisor (utilities), 184-167-050. (Tr. 84-85). Proceeding on, the VE then expressed his

---

[4] Notably, the Commissioner side-stepped this issue completely. (Dkt. No. 11).

[5] "[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairments can meet the demands of the claimant's previous work, either as the claimant actually performed it or as [it is] generally performed in the national economy." 20 C.F.R. §404.1560(b)(2).

opinion that, given the limitations discussed, Griffin could perform his past relevant work as it is "generally performed" in the national economy. (Tr. 126). After considering the VE's opinion, along with all the other evidence contained in the administrative record, the ALJ properly determined that Griffin was capable of performing his past relevant work as "generally performed" and, as a result, Griffin was not disabled under the Act. (Tr. 67).

Nonetheless, Griffin argues that the ALJ's finding is flawed for several reasons. First, Griffin argues that the ALJ determined that he could perform his past relevant work as "generally performed" based a broad generic occupational classification which is contrary to the dictates of Social Security Ruling (SSR) 82-61.[6] The Court finds no merit in this argument. After reviewing the record in this case, it is evident that the ALJ did not make his determination that Griffin could perform his past relevant work based on a generic occupational classification. Instead, in conformity with the Ruling, the ALJ properly utilized an impartial VE[7] to assist him in making this determination based on the functional demands and job duties of the occupation as generally required by employers throughout the national economy. *See Bryant v. Astrue*, No. 09-1499, 2010 WL 3541097, at *5 (W.D.La. July 30, 2010) (concluding that the ALJ complied with SSR 82-61 where he consulted with a VE who listened to the plaintiff's testimony regarding his past

---

[6] SSR 82-61 sets forth the three tests that have been utilized in determining whether or not a claimant retains the capacity to perform his past relevant work. The Ruling cautions ALJs against utilizing the first test, which is based on generic occupational classification (*e.g.*, "delivery jobs" or "packaging jobs"), because the determination normally does not survive judicial review. The Ruling, instead, instructs ALJ's to make the determination based the "actual functional demands and job duties of a particular past relevant job; or the functional demands and job duties of the occupation as generally required by employers throughout the national economy." SSR 82-61.

[7] *See generally, Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1985) (recognizing that "[t]he value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed.").

7

relevant work and opined that, while claimant "could not return to his past relevant work as he actually performed it, he could perform the work as it is generally performed in the national economy.").

Next, Griffin contends that the ALJ's reliance on the VE's testimony was improper because the VE conceded that he was not familiar with Griffin's past relevant work. In particular, Griffin points to a portion of the VE's testimony where he stated "I'm not sure exactly what he did on his job, but considering what the DOT has to say about it, he could do his job." (Tr. 126). The Court cannot agree. When placed in context, it is apparent that the VE's testimony merely reflects the distinction between one's past relevant work as it is "actually performed" as compared to how it is "generally performed" in the national economy.[8]

Finally, Griffin argues that the ALJ's reliance on the VE's testimony was erroneous because the VE erred in classifying his past relevant work. In particular, Griffin argues that the VE testified that the maintenance supervisor (utilities) job was the "closest" DOT job description that corresponded to his past relevant work, but this was not his precise past relevant work. (Dkt. Nos. 9, 10). Once again, the Court is not persuaded by Griffin's argument. Aside from the extended hours he worked in his past relevant work,[9] Griffin makes no attempt to identify any direct conflicts between the DOT position identified by the VE and his precise past relevant

---

[8] *See* SSR 82-61, 1982 WL 31387, at *2 (recognizing that "[a] former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'").

[9] *See* Program Operation Manual System (POMS), DI 25005.020, subpart D ("If the claimant can do PRW [past relevant work] as generally performed in the national economy (usually an eight-hour day and a five-day week), it is not necessary to evaluate whether the claimant can perform his or her part-time, mandatory overtime, or work on an alternative work schedule job as actually performed.").

work.[10] *See Leggett*, 67 F.3d at 564 (the burden is on the claimant to establish that he cannot perform his past relevant work); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (same).

Furthermore, to the extent that Griffin, who was represented by an attorney at the hearing, disagreed with the VE's characterization of his prior work, he was obligated to press the issue on cross-examination. *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000); *see also*, *Bryant v. Astrue*, No. 09-1499, 2010 WL 3541097, at *5 (W.D.La. July 30, 2010) ("if plaintiff harbored any doubts concerning the VE's characterization of his prior work, plaintiff was obliged to emphasize the alleged inconsistency and to press the issue upon cross-examination."); *Jackson v. Astrue*, No. 11-1948, 2013 WL 880331, at *5 (W.D.La. 2013). Griffin's attorney had an opportunity to object and/or cross-examine the VE on the DOT job description identified by the VE and whether it was consistent with his past relevant work. (Tr. 84-85; 125-129). Griffin's attorney failed to raise the issue or challenge the VE's characterization of his past relevant work. (*Id.*). Griffin "should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey*, 230 F.3d at 146-147. "While an ALJ has a duty to make a sufficient inquiry into a claim, the claimant retains the burden to establish that he or she is unable to perform past relevant work." *Villa*, 895 F.2d at 1023. The ALJ made his determination on the basis of Griffin's written responses, his testimony and the VE's opinion. The VE's "clear and

---

[10] The Fifth Circuit "has recognized that the DOT is not comprehensive, in that it cannot and does not purport to include each and every specific skill or qualification for a particular job." *Carey*, 230 F.3d at 145 (citing *Fields v. Bowen*, 805 F.2d 1168, 1171 (5th Cir. 1986)). However, "[t]he value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields*, 805 F.3d at 1170; *Vaughan v. Shalala*, 58 F.3d 129 (5th Cir. 1995).

unchallenged testimony" that Griffin could perform his past relevant work as generally performed is adequate, in the context of this record as a whole, to support the ALJ's determination at Step 4. *See Carey*, 230 F.3d at 146 ("the ALJ may rely on the vocational expert's testimony provided that the record reflects an adequate basis for doing so."); *see generally*, *Barratt v. Astrue*, No. 07-51067, 2008 WL 2325636, at *2 (E.D.La. June 6, 2006) ("when there is a conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided that the record reflects an adequate basis for doing so.").[11]

## CONCLUSION

Considering the record as a whole, the Court concludes that proper legal standards were adhered to and the Commissioner's decision is supported by substantial evidence. Accordingly, it is the **ORDER** of this Court that the Plaintiff's Motion for Summary Judgment (Dkt. Nos. 9, 10) is **DENIED**, that the Defendant's Motion for Summary Judgment (Dkt. No. 11) is **GRANTED**, and that this action is **DISMISSED**.

**DONE** at Galveston, Texas, this ___31st___ day of October, 2016.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

---

[11] Within the realm of administrative proceedings, it has long been established that "procedural perfection . . . is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988); *see generally*, *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (a claimant's substantial rights are affected when, absent creditable explanation from the ALJ, the evidence and testimony otherwise compels a finding favorable to the claimant).